IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-cr-148-F |
| | ) | (WO) |
| ANTHONY CHARLES BROWN | ) | |

## **O R D E R**

On October 25, 2005, the defendant filed an Emergency Motion to Continue (Doc. #40). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that the defendant and the government are engaged in plea negotiations and a plea is likely in this matter. Counsel for the defendant has been advised by defendant's family that the defendant has been hospitalized in the Intensive Care Unit at Wiregrass Medical Center in Geneva, Alabama, with apparent heart problems. He is unable

to complete the plea or to sign a waiver of speedy trial. The government does not oppose a continuance in this case. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. See United States v. Davenport, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on October 25, 2005 is GRANTED;

2. That the trial of this defendant is continued from the November 7, 2005 trial term to the December 5, 2005 trial term.

DONE this 26th day of October, 2005.

        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE